a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DOLPH FINLEY (#75033), Petitioner | CIVIL DOCKET NO. 1:23-CV-1464-P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Dolph Finley ("Finley"). Finley is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Finley challenges his conviction and sentence imposed in the Ninth Judicial District Court, Rapides Parish.

Because the Petition is second and successive (ECF No. 8), it should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

I. Background

Finley was convicted of first-degree robbery. He was sentenced as a habitual offender to 50 years at hard labor. *State v. Finley*, 664 So. 2d 775, 776 (La. App. 3d Cir. 1995), *writ denied*, 670 So. 2d 1237 (La. 1996). The conviction and sentence were affirmed, and the Louisiana Supreme Court denied writs. *Id.* Finley did not seek review in the United States Supreme Court.

Finley filed an application for post-conviction relief on an unspecified date. The application was denied, as were subsequent writ applications. *State ex rel. Finley v. State*, 748 So. 2d 437 (La. 1999).

Finley filed a § 2254 petition in this Court in 1996, challenging the robbery conviction and sentence. The petition was denied on the merits, and a certificate of appealability was denied. *Finley v. Warden*, No. 1:96-CV-1695, W.D. La., ECF Nos. 20, 27.

Finley filed another § 2254 petition in this Court in 1999, attacking the same robbery conviction. *Finley v. Warden*, No. 1:99-CV-2059, W.D. La., ECF No. 1. The petition was denied and dismissed. *Id.* at ECF No. 8. Finley's motion for certificate of appealability was denied by the United States Court of Appeals for the Fifth Circuit. *Id.* at ECF No. 16.

Finley filed a third § 2254 petition in this Court in 2002. *Finley v. Warden*, No. 1:02-CV-2112, W.D. La., ECF No. 1. The Court determined the petition was second or successive, and transferred the case to the Fifth Circuit for a determination of whether Finley should be allowed to file a second or successive petition. *Id.* at ECF No. 7. The Fifth Circuit denied authorization. *Id.* at ECF No. 10.

In 2017, Finley filed another second and successive habeas petition, arguing that one of the convictions used to adjudicate him as a habitual offender was not sufficiently proven at sentencing. *Finley v. Warden*, No. 1:17-CV-2112, W.D. La., ECF No. 1. The petition was dismissed for lack of jurisdiction. *Id.* at ECF No. 13.

In 2018, Finley filed a motion to vacate his multiple offender conviction in the trial court. ECF No. 1-3 at 7. Relief was denied. The Louisiana Third Circuit Court of Appeal denied writs, finding that Finley's motion presented an untimely post-conviction claim. ECF No. 1-3 at 22. The Louisiana Supreme Court also denied Finley's writ application. *State v. Finley*, 2019-00783 (La. 1/28/20); 291 So.3d 1060.

Finley again sought authorization from the Fifth Circuit to file a second or successive § 2254 habeas petition, purportedly based on a new factual predicate. In re: *Dolph Finley*, No. 18-30169, 5th Cir. (2018). The Fifth Circuit denied authorization, finding that the factual predicate was known or discoverable at the time of sentencing. *Id.*

Nonetheless, Finley filed another § 2254 petition in 2020, without authorization from the Fifth Circuit. The petition was dismissed for lack of jurisdiction. *See* 1:20-CV-0322 (W.D. La.). The Fifth Circuit denied a certificate of appealability. *See Finley v. Warden,* 00-30255 (5th Cir.).

Finley's most recent § 2254 Petition challenges the same habitual offender conviction and sentence.

II. <u>Law and Analysis</u>

Because Finley has previously filed a § 2254 petition that was adjudicated on the merits, and because he raises a claim that could have been raised in an earlier petition, Finley's Petition (ECF No. 8) is second or successive. *See* In re: *Cain*, 137 F.3d 234, 235 (5th Cir. 1998). As this Court noted in one of Finley's prior habeas petitions:

> [P]etitioner is required to obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(b)(3), which provides in part, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

*Finley v. Warden*, No. 1:02-CV-2112, W.D. La., ECF No. 6. The Fifth Circuit has denied authorization twice, and Finley has still not obtained permission.

Until such time as Finley obtains authorization from the Fifth Circuit, this Court is without subject matter jurisdiction over Finley's claims. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the Petition (ECF No. 8) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Tuesday, January 9, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE